# ROBERT WISNIEWSKI P.C.
ATTORNEYS-AT-LAW

40 WALL STREET, SUITE 2833 • NEW YORK, NY 10005
TEL: (212) 267-2101 • FAX: (646) 512-5603
WEBSITE: www.rwapc.com

January 15, 2021

Hon. Brian M. Cogan, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
  *VIA ECF*

     **Re: Palmeira v. Swissport USA, Inc.**
       <u>**Docket Number: 20-cv-05644 (BMC)**</u>

Dear Judge Cogan:

  This firm represents Plaintiff Augusto de Almeida Palmeira in the above-captioned matter. In accordance with the November 20, 2020 Scheduling Order, and in anticipation of the January 20, 2021 Scheduling Conference, the parties hereby submit this joint letter and a proposed Civil Case Management Plan.

  Although the responsive pleading from Defendants, Swissport USA, Inc. and Patricia Brennan VanAllen ("<u>Defendants</u>"), is not due until February 1, 2021, as explained below, the Defendants respectfully request that the implementation of the Civil Case Management Plan be adjourned until some date following Defendants' responsive pleading deadline. Defendants are evaluating whether to file a motion to dismiss and, in the event a motion is filed, Defendants request that discovery be stayed while those issues are addressed. Plaintiff opposes the stay of discovery during the pendency of Defendants' motion. The parties propose the following Civil Case Management Plan based on the February 1, 2021 pleading deadline.

## 1. <u>Basis for Subject Matter Jurisdiction</u>

  This Court has federal question subject matter jurisdiction over this case because Plaintiff brings claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., ("<u>ADEA</u>") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000d et seq. ("<u>Title VII</u>"). This Court has supplemental jurisdiction over Plaintiff's state law claims under New York Executive Law § 296 ("<u>New York Human Rights Law</u>") and the New York City Charter and Administrative Code § 8-107 ("<u>New York City Human Rights Law</u>") pursuant to 28 U.S.C. §1367, because those claims are intimately related to Plaintiff's federal claims and form part of the same case or controversy.  Although the Defendants' responsive pleading is not due until February 1, 2021, the Defendants do not contest subject matter jurisdiction.

**2.   Plaintiff's Summary of the Factual and Legal Bases For His Claims**

Plaintiff, a fifty-eight-year-old male and former employee of the Defendants, alleges that Defendants discriminated against and subjected him to unlawful hostile work environment based on his age and sex.

Defendants own and operate Swissport USA, Inc. an aviation services company engaged in the provision of airport ground services at several airports in New York and New Jersey. Defendants employed Plaintiff in various management-level customer service positions from March 1, 2001 until his termination on July 5, 2020. Plaintiff's work problems began in or about August 2017 when Defendant Patricia Brennan VanAllen ("Brennan"), Corporate Defendant's Passenger Service Manager became Plaintiff's supervisor. Going forward, Brennan espoused an antagonistic demeanor toward Plaintiff. Brennan never greeted Plaintiff when she entered his office and generally ignored Plaintiff. In contrast, she was pleasant and courteous with Plaintiff's younger coworkers, particularly females. Plaintiff observed that Brennan and Plaintiff's direct supervisor, Rafaella Figueroa ("Figueroa"), a Duty Manager, became particularly close after Brennan's promotion.

As Figueroa and Brennan's friendship blossomed, their hostility toward Plaintiff increased. On occasions too numerous to list, Figueroa made uncouth remarks about Plaintiff's allegedly defunct manhood causing Plaintiff, a fifty-eight-year-old male, embarrassment and humiliation. In or about the fall of 2018, Brennan approached Plaintiff with a directive that Plaintiff train Corporate Defendant's new hires as Airline Representatives. In or about January 2019, Plaintiff was notified that XL, the airline for which he served as Airline Station Representative, would not be extending its contract with Corporate Defendant. Despite his eighteen (18) years of loyal service to Corporate Defendant and years of experience, Defendants failed to offer Plaintiff any comparable position even though there was a number of openings. Indeed, in January of 2019, when Plaintiff was undergoing his annual performance review with Brennan, Brennan advised Plaintiff that "[she] does not want [him] here." Whereas Plaintiff's former trainees were allowed to continue working for Corporate Defendant, Plaintiff's employment was terminated by Brennan for Plaintiff's alleged failure to submit a proper vacation request form. Defendants' proffered reason for termination was pretextual. In fact, Plaintiff was terminated because of his mature age and his sex of being a male.

Plaintiff now brings this suit seeking declaratory relief as well as compensatory and punitive damages under the ADEA and Title VII, and their New York State law analogues.

**3.   Defendants' Summary of the Legal Bases For Their Defenses**

Defendants deny any allegations of wrongdoing or that they subjected Plaintiff to a hostile work environment or unlawful discrimination. To the contrary, Plaintiff was terminated in July of 2019, for violating Swissport USA, Inc.'s policy due to taking unapproved time off. Swissport USA, Inc. is an equal opportunity employer with a strong focus on compliance.

4. **Motions the Parties Contemplate Filing**

*Defendants' Motions:* Defendants' initial investigation is on-going, and Defendants are evaluating whether to file a motion to dismiss pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief may be granted.  Even accepting Plaintiff's allegations as true, the allegations do not amount to claims, valid or otherwise, sounding in a hostile work environment, or discrimination on the basis of sex (male) or age.  In the event Defendants proceed with the motion to dismiss, Defendants will submit a letter pursuant to your Honor's Individual Practices requesting a pre-motion conference. In conjunction with this request, Defendants would respectfully request that discovery be stayed until these issues are addressed by the Court.

In the event Defendants do not file a motion to dismiss, Defendants expect to move for summary judgment promptly following the close of discovery.

*Plaintiff's Motions:* Plaintiff does not anticipate filing any motions except to oppose motions filed by Defendants.

We thank the Court for its attention to this matter.

Respectfully,

*/s/Robert Wisniewski*
Robert Wisniewski

CC:    All Counsel of Record (via ECF)